UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>HEATHER LEBANION,<br>    Defendant. | CRIMINAL NO. 6:12-26-KKC-HAI-04<br><br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the defendant's motion for sentence reduction due to the coronavirus pandemic. (DE 290.)  The Court construes the defendant's motion as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, the defendant's motion is **DENIED**.

Defendant pleaded guilty to one count of conspiracy to manufacture 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, in violation of 21 U.S.C. § 846. (DE 160, Plea Agreement.)  She was sentenced on July 10, 2013 to 70 months imprisonment followed by a lifetime of supervised release. (DE 165, Judgment.) This sentence was subsequently reduced to 58 months imprisonment followed by a lifetime of supervised release. (DE 223.) Defendant was released from imprisonment on September 28, 2017, to begin her term of supervised release.  Her supervised release was revoked on June 26, 2018 for the following violations: use of a controlled substance (marijuana), commission of a crime/unlawful possession of a controlled substance (marijuana), use of a controlled substance (methamphetamine), and commission of a crime/unlawful possession of a controlled substance (methamphetamine). This Court then sentenced the defendant to 27 months imprisonment followed by four years of supervised release.  (DE 264, Revocation

1

Judgment.) Defendant was released from imprisonment on January 30, 2020, to another term of supervised release. Defendant was arrested following the issuance of a warrant by this Court on April 8, 2020 for violating terms of her release. More specifically, she was terminated from Dismas Charities for breaking the facility's rules and for associating with a convicted felon without the permission of her probation officer. She was sentenced to 8 months imprisonment followed by 2 years of supervised release. (DE 281, Revocation Judgment.) Defendant is currently set to be released on December 8, 2020.

Defendant is currently housed at the Laurel County Corrections Center due to safety precautions taken to limit the spread of COVID-19, and she will remain there in United States Marshal custody for the duration of her sentence of imprisonment.

Defendant has filed a motion for a thirty-day sentence reduction, and she cites concerns posed by COVID-19. The Court construes her motion as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] She states that if she were housed with the BOP, she would be eligible for home confinement on November 13, 2020. But since she will remain in United States Marshal custody, she is not eligible for home confinement. (DE 290 at 1.)

The Court ordered the government to respond to the defendant's motion. (DE 291.) The government's position is that the defendant's motion should be denied on the merits.

---

[1] The defendant cites to 18 U.S.C. § 3621 in support of her motion and states that under that statute, the BOP must maximize the time spent on home confinement when possible. (DE 290 at 2.) However, § 3621 does not mention home confinement authority. Instead, it appears that the defendant intended to cite § 3624. That section states that "[t]he Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2).

These statutes do not provide the defendant any relief because they deal with the BOP's authority, not the Court's. The BOP has exclusive authority to designate where a prisoner serves his existing sentence of imprisonment, including designating home confinement when certain conditions are met. *See* 18 U.S.C. §§ 3621(b) and 3624(c)(2); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). Accordingly, the Court cannot grant a sentence reduction under these statutes. The Court can, however, order a sentence reduction under § 3582 and impose home confinement as a term of supervised release where extraordinary and compelling reasons warrant a reduction, but only where certain prerequisites have been met. *See id.* §§ 3582(c)(1)(A) and 3583(d); U.S.S.G. § 5F1.2. Thus, this Court construes the defendant's motion as a motion for compassionate release.

The government agrees with recent decisions holding that a defendant may bring a motion for compassionate release where her sentenced has been imposed, but she is not in the custody of the Bureau of Prisons ("BOP"). Thus, the government asserts that she has exhausted her administrative remedies to the extent required under § 3582(c)(1)(A), and her motion should be denied on the merits. (DE 292.)

Some recent cases have found that a defendant has exhausted her administrative remedies under § 3582(c)(1)(A) where she has been sentenced, but she will not be transported to a BOP facility due to the threat of COVID-19. *See, e.g.*, *United States v. Coslow*, No. 3:16-CR-136-CRS, 2020 WL 2499592, at *2 (W.D. Ky. May 14, 2020) (court found that the defendant temporarily housed in local detention center had exhausted all the administrative rights that "he, at this time, doesn't have."); *United States v. Van Dyke*, No. 2:15-CR-0025-JLQ-1, 2020 WL 1811346, at *2 (E.D. Wash. Apr. 8, 2020), *adhered to on reconsideration*, No. 2:15-CR-0025-JLQ-1, 2020 WL 1845553 (E.D. Wash. Apr. 10, 2020) ("Defendant has effectively exhausted his administrative remedies as he does not have any administrative path or remedies he can pursue.").

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of the BOP. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). If the defendant herself filed such a motion, the court could not grant it. The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant herself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit recently determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. This is because the statute says that a "court may not" grant compassionate release unless the defendant files his motion after one of the two events has occurred. *Id.* Further, the Sixth Circuit ruled that this Court cannot find exceptions to the mandatory condition. *Id.* at 834 ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.") The conditions can, however, be waived or forfeited where the government does not object to the defendant's failure to exhaust. *See id.*

Here, the government does not assert a failure to exhaust. Instead, the government's position is that the defendant has exhausted for purposes of the statute. (DE 292 at 3.) Thus, given that the government does not assert that failure to exhaust bars the defendant's motion, the Court finds that the exhaustion requirement is waived. *See United States v. Levy*, No. 16-CR-270 (ARR), 2020 WL 2393837, at *3 (E.D.N.Y. May 12, 2020) ("Thus, given that the government does not argue that exhaustion bars Levy's motion, I conclude that the exhaustion requirement is either satisfied or excused in this case.") Accordingly, the Court considers the defendant's motion on the merits.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and also "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of § 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to § 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence. One of these is the medical condition of the defendant. However, the defendant must be suffering from a "terminal illness" or she must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which … she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. The statement defines terminal illness as a "serious and advanced illness with an end of life trajectory … Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant does not assert that she has any such illness. Nor does she assert that she has any impairment that has diminished her ability to provide self-care within the prison environment. Instead, Defendant appears to assert that other reasons support her release. (DE 290.)

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute extraordinary and compelling reasons to modify a sentence. Such reasons, however, are to be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1(A)-(D). Thus, this Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement.

The Sentencing Guidelines have not been amended since the passage of the First Step Act. For this reason, some courts have determined that the policy statement is inapplicable, at least to the extent that it provides that only the BOP director can find "other reasons"

justifying a sentence reduction. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *3 (D. Utah Feb. 18, 2020) (citing cases). These courts have concluded that finding the BOP still has sole authority to determine whether "other reasons" justify a reduction is inconsistent with the First Step Act, "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when BOP finds they are not appropriate." *Id.* at *2 (D. Utah Feb. 18, 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)).

The Court finds more persuasive the analysis in *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019). There, the court noted that, by its plain language, § 3582(c)(1)(A), even after amendment by the First Step Act, requires that any sentence reduction by a court be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Further, finding that the BOP still has sole authority to determine the "other reasons" that justify a sentence reduction is not inconsistent with the First Step Act's goal of increasing the use of compassionate release. The Act achieves this goal simply by granting defendants the ability to move for compassionate release on their own. This change alone "ensures that a greater volume of [compassionate release] motions (not just those BOP agrees are meritorious) will be presented to the courts." *Id.* Many defendants' motions for compassionate release will invoke the specific provisions of the policy statement rather than the catchall provision. *Id.* "There is thus no tension between a legislative purpose to 'increase[e] the use' of compassionate release and a policy statement providing for BOP to make the determination as to one kind (out of five) of extraordinary and compelling reasons for such release." *Id.*

Congress has specifically directed that the Sentencing Commission, not the courts, promulgate "general policy statements regarding … the sentencing modification provisions"

6

in § 3582(c). 28 U.S.C. § 994(a)(2)(C). Further, Congress has specifically directed that, in the policy statement for § 3582(c)(1)(A), it is the Commission that "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* § 994(a)(2)(t). The Court agrees with the conclusion in *Lynn* that, "[i]f the policy statement needs tweaking in light of [the First Step Act], that tweaking must be accomplished by the Commission, not by the courts." *Id.* at 4. "The Commission may well decide that, since BOP is no longer the gatekeeper regarding the filing of motions for compassionate release, neither should it be the gatekeeper regarding the residual category of extraordinary and compelling reasons for compassionate release" *Id.* "Until that day, however, the Court must follow the policy statement as it stands." *Id.*

The Court recognizes that these are unsettling times for prisoners. The Court, however, has no authority at this point to grant the defendant compassionate release.

For all these reasons, the Court **HEREBY ORDERS** that the defendant's motion for compassionate release (DE 290) is **DENIED** without prejudice. If circumstances should change in a way that would permit the Court to find "extraordinary and compelling" reasons for reducing her sentence, she may file another motion.

Dated August 18, 2020.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY