UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:12-CR-26-KKC-HAI-4 |
| | ) | |
| v. | ) | RECOMMENDED DISPOSITION |
| | ) | |
| HEATHER LEBANION, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

On referral from District Judge Caldwell (D.E. 307), the Court considers reported violations of supervised release conditions by Defendant Heather Lebanion. Former District Judge Thapar entered a Judgment against Defendant on July 10, 2013, following a guilty plea to conspiracy to manufacture fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841 and § 846. D.E. 165 at 1. At the sentencing hearing, Judge Thapar offered Defendant a choice between two sentences: (1) eighty-eight months of incarceration followed by four years of supervised release or (2) seventy-six months of incarceration followed by lifetime supervised release, including the conditions that she could petition to terminate her supervised release after ten years of compliance and that she would receive a sentence of thirty-six months of incarceration for any violation. D.E. 212 at 33-34.[1] Defendant chose the latter option and was sentenced to seventy months of imprisonment followed by a lifetime term of supervised release. D.E. 165 at 2-3. The Judgment included a condition allowing her to petition the Court to re-evaluate her term of supervised release after ten

---

[1] Initially, Judge Thapar discussed imposing a sentence of twenty-four months of incarceration for any violation, but later clarified that the condition would carry a sentence of thirty-six months of incarceration because she pled guilty to a Class B felony instead of a Class C felony. D.E. 212 at 37. For a class B felony, 18 U.S.C. § 3583(e)(3) would allow a maximum revocation sentence of thirty-six months of imprisonment.

Case: 6:12-cr-00026-KKC-HAI   Doc #: 311   Filed: 07/21/21   Page: 2 of 10 - Page
                                    ID#: 1355

successful years and that "[i]f the defendant should violate even one (1) time, a sentence of 36 months will be imposed." *Id*. at 4. Judge Thapar reduced her sentence to fifty-eight months pursuant to 18 U.S.C. § 3582(c)(2) on October 23, 2015. D.E. 223. Defendant began her first term of supervised release on September 28, 2017.

On June 26, 2018, Defendant's term of supervision was revoked, and she was sentenced to twenty-seven months of imprisonment, followed by four years of supervised release. D.E. 264. Defendant's supervision was revoked following her stipulation to multiple violations, including use and unlawful possession of marijuana and methamphetamine. *Id*.; *See* D.E. 243. Defendant was released to begin service of her second term of supervised release on January 30, 2020.

On May 12, 2020, Defendant's term of supervision was revoked, and she was sentenced to eight months of imprisonment, followed by two years of supervised release. D.E. 281. Defendant's supervision was revoked following her stipulation to multiple violations, including her failure to observe the rules of Residential Re-Entry Center and associating with a convicted felon without the permission of the probation officer. *Id.*; *see* D.E. 278. On December 8, 2020, Defendant was released to begin service of her third term of supervised release.

On April 27, 2021, a Report on Offender Under Supervision was submitted to the Court after Defendant failed to report her change of address to the probation officer and admitted to using methamphetamine, marijuana, and alcohol. No action was taken by the Court per the probation officer's recommendation. D.E. 303.

## I.

On July 1, 2021, the United States Probation Office ("USPO") submitted a Supervised Release Violation Report ("the Report") that initiated these proceedings. According to the

Report, "[o]n June 28, 2021, Lebanion submitted a urine sample for testing which returned positive for the presence of methamphetamine. She admitted consuming methamphetamine on June 27, 2021, and signed an admission form confirming use."

The Report charges two violations stemming from this conduct. As Violation #1, the Report charges that Defendant violated the condition requiring her to "refrain from any unlawful use of a controlled substance." This is a Grade C violation. Violation #2 alleges Defendant violated the conditions requiring that she not commit another federal, state, or local crime and that she not unlawfully possess a controlled substance. The Sixth Circuit has held that use is the equivalent of possession, and, given Defendant's criminal history, the simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844(a), a Class E felony. This is a Grade B violation.

On July 13, 2021, the USPO submitted an Addendum to the Report ("the Addendum"). The Addendum alleges that "[o]n July 12, 2021, Lebanion submitted a urine sample for testing which returned positive for the presence of methamphetamine and marijuana. She admitted consuming methamphetamine and marijuana approximately four days prior. She signed an admission form confirming use." The Addendum charges three additional violations stemming from this conduct. Violation #3 alleges another violation of the condition requiring Defendant "to refrain from any unlawful use of a controlled substance." This is a Grade C violation.

Violations #4 and #5 allege additional violations of the conditions requiring that Defendant not commit another federal, state, or local crime and not unlawfully possess a controlled substance (meth and marijuana). Given Defendant's prior drug conviction, these are also violations of 21 U.S.C. § 844(a) and Class E felonies. These are Grade B violations.

Defendant's initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 occurred on July 12, 2021. D.E. 309. During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of her right to a preliminary hearing. *Id.* At that time, the United States made an oral motion for detention; Defendant did not argue for release. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required. *Id.*

At the final hearing on July 19, 2021, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583. D.E. 310. Defendant waived a formal hearing and stipulated to the violations set forth in the Report and the Addendum. *Id.* The Court found Defendant to be competent to stipulate to the violations and that the stipulation was knowingly, voluntarily, and intelligently made. *Id.* The Court also found the stipulation to be consistent with the advice of Defendant's counsel. *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release."). Defendant's stipulation permits the Court to find that she engaged in conduct that is a Grade B violation under the Guidelines. *See* U.S.S.G. § 7B1.1(a)(2).

During the final hearing, the parties each presented their recommended sentence. The government recommended an above-Guidelines sentence of thirty months of imprisonment followed by no supervised release. Defense counsel recommended a sentence of twenty-one months of imprisonment followed by no supervised release.

The government argued that Defendant severely breached the Court's trust in light of the multiple grants of leniency she has received. First, Defendant received a below-guidelines sentence for her underlying offense. Her Guidelines Range was 110 to 137 months, yet her sentence was just seventy months. Then, Judge Thapar granted her motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which reduced her term of incarceration from seventy months to fifty-eight months. Furthermore, the Court continued to show leniency by not revoking Defendant's supervised release despite multiple violations in April 2021. The government also pointed out that the current violations occurred just two months later.

The government also stated its concern regarding the close tether between Defendant's underlying conviction and the current violations. The government noted there is an acute risk that Defendant's use of methamphetamine will motivate her to become involved in new controlled substance conspiracies. The government concluded that, based on her history of violations, there is no hope that intervention through supervised release will help Defendant overcome her addiction. Thus, the government stated that no term of supervision should be reimposed.

Defense counsel agreed that Defendant has repeatedly chosen to not take advantage of the resources provided to her while on supervised release. However, defense counsel stated that, aside from her own drug use, Defendant has not been involved in any criminal activity since 2011. Defense counsel argued that this reflects Defendant's inability to overcome her addiction and not an intent to harm or place anyone in danger. Defense counsel also noted Defendant's past abuse from her stepfather, which has resulted in her lack of trust and compliance with authority figures. Finally, defense counsel argued that Defendant's cooperation and admissions to the violations are mitigating factors that should result in a within-Guidelines sentence.

Defendant addressed the Court and stated that she takes responsibility for her actions and wants to be finished with her debt to society and the Court. Defendant explained that she was once sober for three years and she hopes to accomplish sobriety again. Defendant stated that she has respect for the Court and committed the violations out of hopelessness. Defendant expressed her gratitude for Officer Beasley, who Defendant stated has been supportive and helpful throughout her supervision. Defendant also expressed a desire to serve any term of imprisonment the Court deems appropriate, but requested that no term of supervision be reimposed.

## II.

The Court has evaluated the entire record, the Report and accompanying documents, and the sentencing materials from the underlying Judgment in this District. Additionally, the Court has considered all of the 18 U.S.C. § 3553 factors imported into the § 3583(e) analysis.

Under § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction. Defendant pled guilty to conspiracy to manufacture fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine, which is a Class B felony. *See* 18 U.S.C. § 3559(a)(2); 21 U.S.C. §§ 841(b)(1)(B)(viii), 846. For a Class B felony, the maximum revocation sentence provided under § 3583 is three years of imprisonment. 18 U.S.C. § 3583(e)(3). There is no maximum term of supervised release that may be re-imposed upon revocation. 18 U.S.C. § 3583(h); 21 U.S.C. § 841(b)(1)(B).

The Policy Statements in Chapter 7 of the Sentencing Guidelines provide advisory imprisonment ranges for revocation premised on criminal history (at the time of original sentencing) and the "grade" of the particular violation proven. *See United States v. Perez-*

6

*Arellano*, 212 F. App'x 436, 438–39 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, U.S.S.G. § 7B1.4, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted). The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

Under section 7B1.1, Defendant's conduct would qualify as Grade C violations with respect to Violations #1 and #3, and Grade B violations with respect to Violations #2, #4 and #5. Given Defendant's criminal history category of VI (the category at the time of the conviction in this District) and Grade B violations, Defendant's Range under the Revocation Table of Chapter 7 is twenty-one to twenty-seven months. Both parties agreed to this calculation of the range.

### III.

At the outset, the Court notes that Congress does ***mandate*** revocation in a case of this nature. By statute, the Court must revoke Defendant because she possessed a controlled substance. *See* 18 U.S.C. § 3583(g)(1); *see also Crace*, 207 F.3d at 836 (equating use with possession). To determine an appropriate revocation term of imprisonment, the Court has considered all the statutory factors imported into the § 3583(e) analysis, as well as Defendant's Guidelines Range.

The Court first considers the nature and circumstances of Defendant's conviction. *See United States v. Johnson*, 640 F.3d 195, 203 (6th Cir. 2011) (explaining that this sentencing factor focuses upon the original offense rather than the violations of supervised release). Defendant committed the underlying offense while using methamphetamine daily, which creates

7

a high risk that she will become involved with methamphetamine trafficking again. Additionally, her use fosters the manufacture and distribution of methamphetamine and marijuana, which poses a dangerous risk to the community.

Clearly, Defendant poses a dangerous risk to herself and others when she uses drugs, which creates a strong need to deter criminal conduct and protect the public. Additionally, Defendant has the highest criminal history category possible, VI, which is a result of her drug use, demonstrated failure to follow the law, and multiple state probation violations.

The Court must also consider whether a defendant needs any education, training, or treatment. Defendant needs continued treatment for her substance abuse. The Court has provided every opportunity it can to allow Defendant access to the appropriate aids, but Defendant's abuse continues. There is no reason to believe Defendant will comply with the requirements of any treatment program. The Court encourages Defendant to seek treatment and resources on her own to overcome her addiction. However, the Court's resources are better focused elsewhere, and thus, further ordered treatment is not appropriate in this case.

The Guidelines suggest that the ***primary*** wrong in the supervised release context is the violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* Guidelines 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.") The Court must impose a sentence that is sufficient, but not greater than necessary, to address Defendant's breach of trust and the other statutory goals imported into § 3583(e).

This will be Defendant's third revocation, each stemming from Defendant breaching the Court's trust through her numerous violations. Defendant committed the current violations just

8

two months after the Court declined to revoke her supervision in order to allow her to continue treatment. Even worse, the violations listed in the Addendum occurred on the day Defendant reported for her initial appearance on the two violations in the Report. At a time when Defendant should have been on her best behavior, she instead decided to again violate the conditions of her release, further adding to her breaches of the Court's trust.

The need to avoid unwarranted sentence disparities among defendants with similar records found guilty of similar conduct is addressed by a sentence within the Guidelines Range.

For the reasons stated above, the Court finds a sentence at the top of the Guidelines Range to be sufficient, but not greater than necessary, to meet the § 3553(a) factors incorporated into this analysis. *See* 18 U.S.C. § 3583(e). If Defendant attempted to conceal her violations or had not accepted responsibility for them, then an above-Guidelines sentence would be appropriate. However, after taking these mitigating factors into account, the Court finds that a sentence of twenty-seven months of imprisonment is warranted given Defendant's multiple breaches of the Court's trust and longstanding failure to follow the law.

A court may re-impose supervised release, following revocation, for a maximum period that usually subtracts any term of incarceration actually imposed due to the violation. *See* 18 U.S.C. § 3583(b), (h). The post-revocation cap depends on the "term of supervised release authorized by statute for the offense that resulted in the original term of supervised release." *See* 18 U.S.C. § 3583(h). Defendant's conviction under 21 U.S.C. § 841 and § 846 does not carry a maximum term of supervised release. *See* 21 U.S.C. § 841, 846. However, the Court does not recommend an additional term of supervision. Defendant has repeatedly violated the conditions of her release and has given the Court no hope that another term of supervision would be

successful. The Court cannot justify continuing to expend resources on Defendant when she has repeatedly refused to take advantage of them and has indicated she no longer wants them.

## IV.

Based on the foregoing, the Court **RECOMMENDS**:

    1.    That Defendant be found guilty of all five violations;

    2.    Revocation with a term of twenty-seven months of imprisonment; and

    3.    No term of supervised release to follow.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As discussed at the final hearing, within **FIVE** days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on Judge Caldwell's docket upon submission. If Defendant chooses to waive allocution, she **SHALL** do so on or before the deadline for filing objections.

This the 20th day of July, 2021.



Signed By:
Hanly A. Ingram
United States Magistrate Judge